UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                  Case No:   2:17-cv-696-FtM-38MRM

U AND V FOOD CORPORATION and A-
Z DISCOUNT BEVERAGE OF NAPLES,
INC.,

    Defendants.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion for Entry of Default Against Defendant A-Z Discount Beverage of Naples, Inc. (Doc. 29) filed on May 23, 2018. Additionally before the Court is Plaintiff's Motion for Extension of Time (Doc. 30). Plaintiff requests that the Court enter a clerk's default against Defendant A-Z Discount Beverage of Naples, Inc. for failure to plead or otherwise defend this action. (Doc. 29 at 2).

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk of Court to enter a default, however, the Court must first determine whether Plaintiff properly effectuated service of process. *Chambers v. Halsted Fin. Servs., LLC*, 2:13-cv-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014). Plaintiff has the burden of establishing effective service of process. *See Zamperla, Inc. v. S.B.F. S.R.L*, No. 6:13-cv-1811-Orl-37KRS, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

Fed. R. Civ. P. 4 provides the rules for service. Regarding legal entities such as corporations, the Rule states that these entities must be served:

> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . .

Fed. R. Civ. P. 4(h). Fed. R. Civ. P. 4(e)(1) allows an individual defendant to be served within "a judicial district of the United States by . . . following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See also Safeco Ins. Co. of Ill. v. Mobley*, No. 6:12-cv-651-ORL-37DAB, 2012 WL 4932669, at *1 (M.D. Fla. Oct. 17, 2012).

Here, Plaintiff purportedly served Defendant A-Z Discount Beverage of Naples, Inc. on February 10, 2018 by serving Jayantizar Sanghvi, who is the father and co-resident of Kaushik Sanghvi—the registered agent of Defendant A-Z Discount Beverage of Naples, Inc. (Doc. 9 at 1).

In evaluating whether Defendant was properly served, the Court notes that the Florida statute for service on active corporations allows process to be served on the corporation's registered agent. Fla. Stat. § 48.081(3)(a). If the address for the registered agent is a residence, then service on the corporation may be made on the registered agent under the general service rules. Fla. Stat. § 48.081(3)(b). Under the general service rules, service can be made by

> delivering a copy of [process] to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Fla. Stat. § 48.031(1)(a).

Here, the Return of Service states that process was to be served on Kaushik Sanghvi – the registered agent of Defendant – at 6654 Middlesex Place, Naples, FL 34104. (Doc. 9 at 1). The Return of Service expressly states that this address is Kaushik Sanghvi's residence. (*Id.*). Because Kaushik Sanghvi was not present at the residence, process was served on Jayantizar Sanghvi—Kaushik Sanghvi's father and co-resident. (Doc. 9). Jayantizar Sanghvi was informed of the contents of the process. (*See id.*). Additionally, Jayantizar Sanghvi appears to be 15 years of age or older. (*See id.*).

Based on the foregoing, the Court finds that Defendant A-Z Discount Beverage of Naples, Inc. was properly served because process was served on the co-resident of the registered agent of the corporation at the registered agent's residence and that co-resident was 15 years of age or older and informed of the contents of the process. *See* Fla. Stat. §§ 48.031(1)(a), 48.081(3)(a)-(b).

As noted above, a default is appropriate when a party fails to plead or otherwise defend an action. *See* Fed. R. Civ. P. 55(a). On this point, the Court notes that several documents have purportedly been filed on behalf of Defendant A-Z Discount Beverage of Naples, Inc. For instance, Kaushik Sanghvi purportedly filed an Answer and Affirmative Defenses to Complaint (Doc. 11) and a Motion for Enlargement of Time to Respond to the Complaint (Doc. 23) on behalf of Defendant A-Z Discount Beverage of Naples, Inc. Additionally, an unexecuted Certificate of Interested Persons and Corporate Disclosure Statement (Doc. 19) was purportedly filed on behalf of Defendant A-Z Discount Beverage of Naples, Inc.

In reviewing these filings, however, the Court previously found that, because Defendant A-Z Discount Beverage of Naples, Inc. is a corporation, it cannot proceed *pro se* and all filings

must be through counsel. (*See* Docs. 18, 20, 24). Because none of the above-reference documents showed any indication that they were filed by counsel, the filings were deemed improper and stricken from the docket. (*Id.*).

In sum, while documents were purportedly filed on behalf of Defendant A-Z Discount Beverage of Naples, Inc., they were filed improperly. No other documents have been filed by Defendant or on Defendant's behalf despite the Court extending Defendant's deadline to respond on multiple occasions. (*See id.*). As a result, Defendant has failed to plead or otherwise defend this action as required by Fed. R. Civ. P. 55(a). Accordingly, an entry of default by the Clerk of Court is appropriate against Defendant A-Z Discount Beverage of Naples, Inc.

As a final matter, the Court notes that Plaintiff filed a Motion for Extension of Time (Doc. 30) seeking to "extend the deadlines for compliance with the Court's Scheduling Order [Doc. 14] until such time as the Court has ruled on the Motion for Default against A-Z." (Doc. 30 at 3). Because the Court resolves Plaintiff's Motion for Default herein, Plaintiff's request for an extension is unnecessary and due to be denied as moot. Plaintiff may move for default judgment as provided by Fed. R. Civ. P. 55.

Accordingly, the Court hereby **ORDERS** that:

1) Plaintiff's Motion for Entry of Default Against Defendant A-Z Discount Beverage of Naples, Inc. (Doc. 29) is **GRANTED**.

2) The Clerk of Court is directed to enter a default against Defendant A-Z Discount Beverage of Naples, Inc.

3) Plaintiff's Motion for Extension of Time (Doc. 30) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Myers, Florida on June 14, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties