UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                        Case No:  2:17-cv-696-FtM-38MRM

U AND V FOOD CORPORATION and A-Z DISCOUNT BEVERAGE OF NAPLES, INC.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Entry of Judgment After Default and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses with Memorandum of Law in Support, filed on June 22, 2018.  (Doc. 33).  No response was filed, and the matter is ripe for review.

**I.  Background**

Plaintiff initiated this action against Defendants U and V Food Corporation and A-Z Discount Beverage of Naples, Inc., under Title III of the American with Disabilities Act ("ADA") on December 18, 2017.  Plaintiff resides in Broward County, and Defendants' property

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

is located at 3863 Bayshore Drive, Naples, FL 34112.  (Doc. 1 at ¶¶ 1, 7).  She alleges that she is "an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices."  (Doc. 1 at ¶ 1).  Plaintiff requires the use of a wheelchair or cane and has limited use of her hands.  (*Id.*).  She also states that she is a "tester," (*id.* at ¶ 9), or "someone who visits places of public accommodation for the purpose of verifying compliance with the ADA," *Kennedy v. Bindi, Inc.*, No. 6:17-cv-1579-Orl-40DCI, 2018 WL 2211420, at *3 (M.D. Fla. Apr. 26, 2018), *report and recommendation adopted*, 2018 WL 2197754, at *1 (May 14, 2018).

   Although Plaintiff does not state when she visited Defendants' property, a convenience store, she asserts that a preliminary inspection of the premises revealed that the following violations exist:

> i.  Defendant fail to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.
> ii. Defendant fail to maintain the features to ensure that they are readily accessible and usable by the disabled.
> iii. There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive slopes, non-compliant curb approaches, non-compliant ramps, lack of sufficient maneuvering space, lack of required clear floor spaces, obstructions, narrow or blocked passageways, broken or cracked pavement/concrete.
> iv. There is an insufficient number of compliant parking spaces and access aisles, with excessive slopes.
> v.  There are non-compliant restrooms, with inaccessible commodes, lack of compliant grab bars, missing grab bars, inaccessible sinks, unwrapped pipes, poorly wrapped pipes, pipe wrapping falling off, improper sink hardware, insufficient maneuvering space, lack of required clear floor spaces, obstructions, non-compliant doorways, improper door hardware, insufficient door clearance, insufficient latch side clearance, improperly located amenities.

(*Id.* at ¶ 7).

On May 21, 2018, and June 15, 2018, clerk's defaults were entered against Defendant U and V Food Corporation and Defendant A-Z Discount Beverage, respectively.  (*See* Docs. 28, 32).  Plaintiff has now filed the subject Motion, in which she requests that the Court (1) "enter Judgment After Default against Defendants," (2) enjoin them "from discriminating against individuals with disabilities," (3) close "the subject facilities until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA," and (4) award "Plaintiff her attorneys' fees, expenses and costs incurred in this action in the amount of $12,344.20."  (Doc. 33 at 19).  Upon consideration, the Undersigned recommends that the Motion (Doc. 33) be **DENIED** in its entirety without prejudice.

## II.     Motion for Entry of Judgment After Default

### A.     Legal Standard

The Court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2).  *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665, 666 (M.D. Fla. 2015); *see also Directv, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).  The effect of the entry of a default is that all factual allegations in the complaint are taken as true.  *Cohan*, 309 F.R.D. at 666 (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)).  "[I]f liability is well-pled in the complaint, it is established by the entry of a default."  *Id.*

Default judgment, however, may only be entered "if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment."  *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

3

Cir. 1975)).[2] While the Court "must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22-KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendants are not held to admit facts that are not well-pled or to admit conclusions of law. *Nishimatsu*, 515 F.2d at 1206.

To be well-pled, a complaint does not need detailed factual allegations, but a complaint must provide the grounds for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678. This standard—derived from motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)—is "equally applicable to a motion for default judgment." *Cohan*, 309 F.R.D. at 667. Thus, a complaint requires more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. A complaint will not suffice if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *De Lotta*, 2009 WL 4349806, at *2 (quoting *Twombly*, 550 U.S. at 570). Once liability is established, federal courts then address the terms of the judgment. *Cohan*, 309 F.R.D. at 667. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### B. Discussion

The Undersigned recommends denying the Motion because: (1) Plaintiff has failed to establish that she has standing to seek injunctive relief; (2) Plaintiff has failed to state a claim

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

upon which relief may be granted; and (3) Plaintiff has failed to establish that she is entitled to the relief requested in the Motion.

### 1. Standing

The Undersigned first addresses the threshold jurisdictional question of standing. *See Bindi, Inc.*, 2018 WL 2211420, at *3 (citing *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)); *see also AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007) ("[A court] is obliged to consider standing *sua sponte* even if the parties have not raised the issue . . . .")). To have standing, a plaintiff must establish the following elements: "1) an injury-in-fact; 2) a causal connection between the injury and Defendant's conduct; and 3) that it is likely the injury will be redressed by a favorable ruling." *Bindi, Inc.*, 2018 WL 2211420 at *3 (citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013)).

Where a plaintiff seeks prospective injunctive relief under Title III of the ADA, the plaintiff must also show that she will suffer discrimination by the defendant in the future. *Id.*

> This means that the threat of future injury must be "a real and immediate—as opposed to merely conjectural or hypothetical—threat of *future* injury." Thus, "a plaintiff seeking an injunction under Title III either 'must have attempted to return' to the non-compliant building or at least 'intend to do so in the future.'"

*Id.* (emphasis in original) (quoting *Houston*, 733 F.3d at 1336). When analyzing a plaintiff's intent to return and the likelihood of suffering future discrimination, courts have considered: (1) the proximity of the plaintiff's residence to the defendant's business; (2) "the plaintiff's past patronage of the defendant's business;" (3) whether the plaintiff has concrete plans to return to the defendant's business; and (4) "the frequency of the plaintiff's travel near the defendant's business." *Id.* (citing *Houston*, 733 F.3d at 1327).

Plaintiff has failed to establish a "real and immediate" threat of future injury. *Id.* This case is nearly factually indistinguishable from another case involving the same plaintiff, *Kennedy v. Bindi, Inc.*, No. 6:17-cv-1579-Orl-40DCI, 2018 WL 2211420, at *3 (M.D. Fla. Apr. 26, 2018). In *Bindi, Inc.*, the Court found that Plaintiff lacked standing, relying on the aforementioned factors in reaching that conclusion. 2018 WL 2211420, at *3. First, it found that because Plaintiff resided approximately 180 miles from the defendant business, the "distance lessen[ed] the likelihood that Plaintiff" would suffer a future injury. *Id.* Second, the Court found that Plaintiff "seemingly allege[d] that she only visited [Defendant] one time and was not a frequent visitor." *Id.* (citing *Kennedy v. Beachside Commercial Props., LLC*, No. 6:17-cv-1047-Orl-37GJK, 2017 WL 4243584, at *2 (M.D. Fla. Sept. 25, 2017)). Third, Plaintiff generally stated that she "plan[ned] to return" to Defendant's property and that this generalized intent to return did "not come close to demonstrating any definite plan to travel 180 miles to" the property. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563-64 (1992); *Beachside Commercial Props., LLC*, 2017 WL 4243584, at *2). Finally, the Court noted that there were no allegations that Plaintiff often traveled near the defendant business. *Id.* Thus, the Court found that "Plaintiff ha[d] not established a plausible threat that she will face future discrimination by Defendant." *Id.*; *see also Longhini v. Infinite 9035 LLC*, 2:17-cv-255-FtM-29MRM, 2018 WL 2857224, at *3 (M.D. Fla. June 11, 2018) (finding no standing under similar circumstances).

Similarly, here, Plaintiff has failed to establish that she faces a real threat of future discrimination by Defendant. First, the allegations establish that Plaintiff resides at least 100 miles away from Defendants' property, if not more. (*See* Doc. 1 at ¶¶ 1-2). Second, like in *Bindi, Inc.*, Plaintiff alleges that she has visited Defendant one time and states only generally that

6

she "plans to return to the property to avail herself of the goods and services offered to the public." (*See id.* at ¶¶ 7-8). Thus, Plaintiff has not shown that she is a "frequent visitor."

Plaintiff alternatively alleges in her Complaint that she "is an advocate of the rights of similarly situated disabled persons and is a 'tester' for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA." (Doc. 1 at ¶ 9). While Plaintiff's status as a "tester" does not necessarily deprive her of standing to bring an ADA claim, she must nonetheless establish a real threat of future injury. *See Houston*, 733 F.3d at 1334; *Kennedy v. Solano*, 735 Fed. App'x 653, 654-55 (11th Cir. 2018) (affirming district court's finding that same Plaintiff, who the Court described as "a patron and tester" had no standing to sue where she failed to show that she would "suffer an actual or imminent injury in the future"). Finally, as in *Bindi, Inc.*, Plaintiff has made no allegations that she often travels near Defendant. In light of these considerations, the Undersigned concludes that Plaintiff has failed to allege facts giving rise to an inference that she faces a real threat of future injury and has, therefore, failed to establish that she has standing to seek prospective injunctive relief against Defendants.

### 2. ADA Claim

Nor has Plaintiff stated a claim under Title III of the ADA. To establish a claim under Title III, a plaintiff must prove: 1) that the plaintiff is disabled; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant denied the plaintiff—on the basis of the disability—full and equal enjoyment of the premises. *Bell v. FTMC, LLC*, 8:17-cv-3100-T-23AAS, 2018 WL 4565745, at *1 (M.D. Fla. Sept. 24, 2018) (citing *Duldulao v. Kennedy Spa, LLC*, 8:10-cv-2607, 2013 WL 2317729, at *5 (M.D. Fla. May 28, 2013)). Plaintiff has not established the third element.

First, she fails to identify the barriers she actually encountered at the property. "A Plaintiff may only complain of barriers actually encountered at a defendant's property." *Bindi, Inc.*, 2018 WL 2211420, at *4 (citing *Norkunas v. Seahorse NB, LLC*, 444 Fed. App'x 412, 416 (11th Cir. 2011)). While Plaintiff alleges that "[a] preliminary inspection" of the premises showed that a number of violations exist, she only states that she "has encountered barriers" without explaining which barriers she actually encountered. (*See* Doc. 1 at ¶¶ 7, 8).

Moreover, Plaintiff fails to describe sufficiently the features that violate the ADA. For example, she asserts, among other allegations that "[t]here are non-compliant restrooms, with inaccessible commodes, lack of compliant grab bars, missing grab bars, inaccessible sinks, . . . non-compliant doorways, improper door hardware, insufficient door clearance, insufficient latch side clearance, improperly located amenities." (*Id.* at 3-4). She does not, however, "describe the feature that renders the premises 'inaccessible'" or "non-compliant." *Bell*, 2018 WL 4565745, at *2. Nor does she "allege facts permitting a reasonable inference that these features violate the ADA." *Id.*; *see also Bindi, Inc.*, 2018 WL 2211420, at *4 ("Plaintiff's vague allegations fail to demonstrate that Defendant denied her full and equal enjoyment of its property based on her disabilities."); *Kennedy v. Paniccia-Indialantic, LLC*, 6:16-cv-2208-Orl-31DCI, 2017 WL 5178182, at *4 (M.D. Fla. Nov. 8, 2017) (dismissing complaint that contained similarly vague allegations and noting that the complaint was "substantially similar to complaints filed by [Plaintiff] in hundreds of cases").

Finally, Plaintiff fails to plead sufficiently whether the property is a "pre-existing" building as defined by the ADA. *See* 42 U.S.C. § 12183(a); *Bindi, Inc.*, 2018 WL 2211420, at *4 ("A 'pre-existing building' under the ADA is one that existed on or before January 25, 1993."). Rather, she conditionally states that "[t]o the extent the property, or portions thereof, existed

prior to January 26, 1993 ("pre-existing facility")," Defendants had "a continuing obligation to remove architectural barriers at that property whose removal was readily achievable." (Doc. 1 at ¶ 5). In *Gathright-Dietricht v. Atl. Landmarks, Inc.*, 452 F.3d 1269 (11th Cir. 2006), the Eleventh Circuit discussed the standard to be applied to pre-existing buildings.

> The ADA imposes different requirements on the owners and operators of facilities that existed prior to its enactment date. For those facilities, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Where removal is not "readily achievable," failure of the entity to make goods, services and facilities "available through alternative methods if such methods are readily achievable," may constitute discrimination under the ADA. 42 U.S.C. § 12182(b)(2)(A)(v).
>
> The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. *Id.*

*Id.* at 1272-73. Furthermore, "the plaintiff has the initial burden of production to show (1) that an architectural barrier exists; and (2) that the proposed method of architectural barrier removal is 'readily achievable,' i.e., 'easily accomplishable and able to be carried out without much difficulty or expense' under the particular circumstances of the case." *Id.* at 1273 (quoting *Colorado Cross Disability Coal. v. Hermanson Fam. Ltd. P'ship I*, 264 F.3d 999, 1007 (10th Cir. 2001)). Because Plaintiff has not "definitively allege[d] whether or not [Defendants' property] is a 'pre-existing building' under the ADA, the Court cannot determine what standard to apply"

9

and, therefore, cannot determine whether she has stated a claim.  *See, e.g.*, *Bindi, Inc.*, 2018 WL 2211420, at *5.

Relatedly, Plaintiff has not shown that removal of the alleged barriers is "readily achievable" to the extent Defendants' property is a pre-existing building.  In fact, Plaintiff has not even attempted to make such an allegation.  Rather, she alleges only that "[t]o the extent the property, or portions thereof, existed prior to January 26, 1993 ('pre-existing facility'),"  Defendants had "a continuing obligation to remove architectural barriers at that property whose removal was readily achievable."  (Doc. 1 at ¶ 5).  Judges in this District have determined "that alleging the legal conclusion that a barrier is readily achievable, without more, is insufficient to establish that removal is, in fact, readily achievable."  *Larkin v. Cantu LLC*, No. 6:15-cv-1544-Orl-40KRS, 2017 WL 2684422, at *5 (M.D. Fla. May 31, 2017), *report and recommendation adopted*, 2017 WL 2672617, at *1 (M.D. Fla. June 21, 2017) (citing *Stringham v. Apopka Shopping Ctr., LLP*, No. 6:13-cv-1410-Orl-28GJK, 2013 WL 6891577, at *1 (M.D. Fla. Dec. 31, 2013) (dismissing Title III ADA complaint in part because plaintiff did not provide factual support for his allegation that removal of barriers would be "readily achievable"); *Hoewischer v. Joe's Props., LLC*, No. 3:11-cv-769-J-12MCR, 2012 WL 139319, at *3 (M.D. Fla. Jan. 18, 2012) (denying motion for default judgment in Title III ADA case in part because plaintiff's complaint failed to plead any facts to support the legal conclusion that removal of barriers was "readily achievable")).  Plaintiff has therefore failed to meet her burden.

For the reasons discussed above, the Undersigned concludes that Plaintiff has failed to state a claim under Title III of the ADA.

### 3. Request for Injunctive Relief

Lastly, the Undersigned finds that Plaintiff has not provided the specificity required for entry of an injunction. Fed. R. Civ. P. 65(d)(1) requires that an injunction "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." "To be entitled to injunctive relief, Plaintiffs must, at a minimum, specifically identify each architectural barrier that they contend violates the ADA (or its relevant implementing regulations) and offer some evidence as to why the removal of same is readily achievable and beneficial to Plaintiffs." *Access for the Disabled, Inc. v. Osceola Enters. of Kissimmee, Inc.*, No. 6:09-cv-1805-Orl-31GJK, 2010 WL 2889823, at *1 (M.D. Fla. Jul. 22, 2010).

Plaintiff fails to include the detail required for entry of an injunction. Instead, her Motion includes a broad, non-specific request that the Court enter an order "enjoining [Defendants] from discriminating against individuals with disabilities [and] closing the subject facilities until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA." (Doc. 33 at 19). The Complaint similarly lacks the required specificity. The Complaint includes the following request:

> That the Court grant injunctive relief against the Defendants, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

(Doc. 1 at 7).

Plaintiff's requests for injunctive relief are insufficient. *See, e.g.*, *Longhini v. Lakeside Operating P'ship, L.P.*, 6:17-cv-1651-Orl-31GJK, 2018 WL 4101003, at *4 (M.D. Fla. Aug. 3, 2018), *report and recommendation adopted*, 6:17-cv-1651-Orl-31GJK, 2018 WL 4092117 (M.D. Fla. Aug. 28, 2018) (finding that plaintiff's request "that the Court order Defendant to make: 1) all readily achievable alterations to the Hotel or to make the Hotel readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and 2) reasonable modifications to its policies, practices, and procedures" was "a non-specific request for injunctive relief"). This Court has previously found that it "simply cannot enjoin a party 'from discriminating against all individuals with disabilities' and order compliance with 'all sections' of the ADA." *Access for the Disabled, Inc.*, 2010 WL 2889823, at *1; *see also Houston*, 2017 WL 9690366, at *4 (relying on *Access for the Disabled, Inc.*, to conclude that plaintiff's request for injunctive relief lacked the required specificity); *Bindi, Inc.*, 2018 WL 2211420, at *6 (same); *Kennedy v. Taco City 3, Inc.*, 6:17-cv-634-Orl-40DCI, 2017 WL 8809626, at *5 (M.D. Fla. Nov. 22, 2017), *report and recommendation adopted*, 6:17-cv-634-Orl-40DCI, 2018 WL 798219 (M.D. Fla. Feb. 9, 2018).

For the foregoing reasons, the Undersigned concludes that Plaintiff has failed to establish that she has standing to seek injunctive relief, that she has failed to state a claim upon which relief can be granted, and that she has failed to establish her entitlement to injunctive relief. Therefore, the Undersigned recommends that the request for default judgment be denied.

### III.   Motion for Attorney Fees

Plaintiff also seeks fees and costs pursuant to 42 U.S.C. § 12205. (Doc. 33 at 4). However, because the Undersigned recommends denying the Motion for Entry of Judgment After Default, the Undersigned also recommends denying Plaintiff's request for fees and costs.

12

**IV.     Conclusion**

Accordingly, for the reasons explained above, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Judgment After Default and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses with Memorandum of Law in Support (Doc. 33) be **DENIED** without prejudice.

**DONE AND ORDERED** in Fort Myers, Florida on January 10, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties